UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMERICAN COMMERCIAL BARGE LINE LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-169** |
| **ASSOCIATED TERMINALS, LLC, ET AL.** | **SECTION: D (1)** |

## ORDER and REASONS

Before the Court is a Motion to Remand, filed by plaintiffs, American Commercial Barge Line LLC and ACBL Transportation Services (collectively, "Plaintiffs").[1] Plaintiffs assert that this matter should be remanded to state court for lack of subject matter jurisdiction because Associated Terminals, LLC and Associated Marine Equipment, LLC (collectively, "Defendants") failed to properly allege the citizenship of the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332.[2] Defendants oppose the Motion, asserting that complete diversity existed between the parties at all relevant times, and further asserting that the Court has original admiralty jurisdiction pursuant to 28 U.S.C. § 1333.[3] Plaintiffs have filed a Reply, maintaining that the Notice of Removal "indisputably failed to establish the Court's jurisdiction over this matter."[4]

Also before the Court is a Motion for Leave to File Amended Notice of Removal, filed by Defendants.[5] Defendants seek leave to file an Amended Notice of Removal pursuant to 28 U.S.C. § 1653, asserting that they seek to provide additional

---

[1] R. Doc. 7.
[2] *Id.*
[3] R. Doc. 25.
[4] R. Doc. 27 at p. 1.
[5] R. Doc. 14.

citizenship information that will assist the Court in its review of the claims and the jurisdictional issue.[6] Plaintiffs oppose the Motion, outlining the procedural history of this case and other related cases filed by the parties and asserting many of the same arguments urged in support of their Motion to Remand.[7] Defendants have filed a Reply, asserting that it is clear that the parties were completely diverse at the time of removal and that Plaintiffs failed to offer any argument why leave should not be granted in this case.[8]

Also before the Court is Defendants' Motion for Leave to File Second Amended Notice of Removal, wherein Defendants seek to file a Second Amended Notice of Removal "to specifically incorporate all citizenship information into the body of the Notice of Removal rather than referencing and incorporating its previously filed declaration (R. Doc. 10-3)," which was filed with Defendants' proposed First Amended Notice of Removal.[9] Plaintiffs did not file an opposition to the second Motion for Leave, but Defendants filed one Reply brief in support of both of their Motions for Leave.[10]

I. ANALYSIS

It is clear from the face of the Notice of Removal that Defendants removed this matter to federal court on the basis of *both* diversity jurisdiction under 28 U.S.C. § 1332 *and* original jurisdiction under 28 U.S.C. § 1333(1).[11] The Court directs

---

[6] R. Doc. 14.
[7] R. Doc. 26.
[8] R. Doc. 28.
[9] R. Doc. 24.
[10] R. Doc. 28.
[11] R. Doc. 1.

Plaintiffs' attention to Paragraph 4 of the Notice of Removal, wherein Defendants assert that, "this Court has subject matter jurisdiction over this action, which is removable pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.* Alternatively, this Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1333."[12] The Court also directs Plaintiffs' attention to Paragraph 11, which provides as follows:

> **ORIGINAL SUBJECT MATTER JURISDICTION**
> 11.
> Plaintiffs' claims against Defendants concern maritime and admiralty claims for damages that allegedly occurred in the navigable waterways of the United States, the Mississippi River, during Hurricane Ida on or about August 29, 2021. As such, this Court has original jurisdiction over all admiralty and maritime claims pursuant to the U.S. Constitution and 28 U.S.C. § 1333(1).[13]

As set forth above, Defendants did not base their removal solely on diversity jurisdiction, as alleged by the Plaintiffs. Instead, Defendants asserted that the Court has both diversity jurisdiction *and* original jurisdiction over Plaintiffs' claims. Plaintiffs fail to mention, in any of their pleadings, that removal was based upon both diversity *and* original jurisdiction.[14] In light of the allegations in the Notice of Removal, the Court rejects as utterly baseless Plaintiffs' argument that the Court lacks subject matter jurisdiction over this case because Defendants failed to properly allege the citizenship of the parties in the Notice of Removal. The Court likewise rejects Plaintiffs' arguments regarding snap removal and 28 U.S.C. § 1441(b)(2), as § 1441(b)(2) is not implicated in this case because this is *not* a "civil action otherwise

---

[12] *Id.* at ¶ 4.
[13] *Id.* at ¶ 11.
[14] R. Docs. 7, 26, & 27.

removable *solely* on the basis of [diversity jurisdiction]."[15]  Accordingly, the Motion to Remand is denied.

Nonetheless, the Court agrees with Plaintiffs that Defendants failed to properly allege the citizenship of the parties for purposes of diversity jurisdiction in the Notice of Removal.[16]  The Court further notes that Defendants also failed to properly allege the citizenship of the parties in the Amended Notice of Removal[17] and in the Second Amended Notice of Removal.[18]  Specifically, Defendants allege that all of the parties to this litigation are limited liability companies, but Defendants fail to identify the members of the limited liability companies and fails to properly allege their citizenship.[19]  The Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its <u>members</u>.[20]  **Thus, to properly allege the citizenship of the parties, Defendants must <u>identify</u> each of the members of each limited liability company and then must allege the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).  <u>The same requirement applies to any member of a limited liability company which is also a limited liability company</u>.**[21]  As such, the Court will give Defendants five

---

[15] 28 U.S.C. § 1441(b)(2) (emphasis added).
[16] *See*, R. Doc. 1 at ¶¶ 5-7.
[17] R. Doc. 14-4 at ¶¶ 5-7.
[18] R. Doc. 24-4 at ¶¶ 5-7.
[19] R. Doc. 1 at ¶¶ 5-7; R. Doc. 14-4 at ¶¶ 5-7; R. Doc. 24-4 at ¶¶ 5-7.
[20] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[21] *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) (Parker, J.) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

days from the date of this Order to file a comprehensive, amended notice of removal, without further leave of Court, properly setting forth the citizenship particulars of all of the parties, as required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). Accordingly, the Motion for Leave to File Amended Notice of Removal[22] and the Motion for Leave to File Second Amended Notice of Removal[23] are denied as moot.

The Court further finds that Defendants have not filed a disclosure statement, as required by Federal Rule of Civil Procedure 7.1. Rule 7.1 provides, in pertinent part, the following:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
> 
>     (A) when the action is filed in or removed to federal court, and
>     (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).[24]

Rule 7.1 further provides that a party must file the disclosure statement "with its first appearance, pleading, petition, motion, response, or other request addressed to the court."[25]

## II.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Remand[26] is **DENIED**.

---

[22] R. Doc. 14.
[23] R. Doc. 24.
[24] Fed. R. Civ. P. 7.1(a)(2).
[25] Fed. R. Civ. P. 7.1(b)(1).
[26] R. Doc. 7.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Amended Notice of Removal[27] and the Motion for Leave to File Second Amended Notice of Removal[28] are **DENIED as moot.**

**IT IS FURTHER ORDERED** that defendants, Associated Marine Equipment, LLC and Associated Terminals, LLC, shall have **five (5) days** from the date of this Order to file a disclosure statement pursuant to Fed. R. Civ. P. 7.1(a)(2)[29] and to file a comprehensive amended notice of removal, without further leave of Court, properly setting forth the citizenship particulars of all of the parties, to establish that the Court also has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). The comprehensive amended pleading shall include all of Defendants' numbered allegations, as revised, supplemented, and/or amended, which will become the operative complaint in this matter without reference to any other document in the record.

New Orleans, Louisiana, May 2, 2024.

*Wendy B. Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 14.
[28] R. Doc. 24.
[29] A form for the disclosure statement can be found at the following website: https://www.laed.uscourts.gov/forms/all-forms.