UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AMERICAN COMMERCIAL BARGE LINE LLC, ET AL.**   **CIVIL ACTION**

**VERSUS**   **NO. 24-169**

**ASSOCIATED TERMINALS, LLC, ET AL.**   **SECTION: D (1)**

<u>ORDER and REASONS</u>

Before the Court is a Motion for Reconsideration, filed by American Commercial Barge Line LLC and ACBL Transportation Services, LLC (collectively, "Plaintiffs").[1] Plaintiffs seek reconsideration of the Court's May 2, 2024 Order and Reasons wherein the Court denied Plaintiffs' Motion to Remand.[2] Associated Terminals, LLC and Associated Marine Equipment, LLC (collectively, "Defendants") oppose the Motion,[3] and Plaintiffs have filed a Reply.[4] The Motion was set for submission on May 14, 2024[5] and, therefore, is ripe for determination.

After careful review of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED.**

**I.   ANALYSIS**

In the instant Motion, Plaintiffs argue that upon reconsideration, the Court should remand this matter to state court on the basis that Defendants failed to establish a separate basis for removal of this maritime case, namely diversity jurisdiction, in its Notice of Removal. Plaintiffs assert that the Notice of Removal failed to properly allege the citizenship of the parties, which prompted their Motion

---

[1] R. Doc. 31.
[2] R. Doc. 30.
[3] R. Doc. 40.
[4] R. Doc. 41.
[5] R. Doc. 33.

to Remand.[6]  Notably, Plaintiffs do not allege that the parties are not completely diverse, as required under 28 U.S.C. § 1332.  This is surprising.[7]  On May 10, 2024, pursuant to the Court's May 2, 2024 Order and Reasons,[8] and the Court's May 8, 2024 Order,[9] Defendants filed an Amended Notice of Removal properly alleging the citizenship of the parties.[10]  It is clear from the Amended Notice of Removal that, at the time of removal, the parties were completely diverse, as Plaintiffs were both citizens of Delaware and Indiana for purposes of diversity jurisdiction,[11] and Defendants were both citizens of Louisiana, and the amount in controversy was met.[12]  Thus, there was no jurisdictional defect under 28 U.S.C. § 1332(a) at the time of removal.

Plaintiffs further assert in their Motion for Reconsideration that Defendants should not be allowed to rely upon "snap removal" to circumvent the forum defendant rule because Defendants "failed to properly establish diversity jurisdiction . . . prior to the service of ACBL's state court Petition."[13]  The Court rejects this assertion as meritless.  Defendants assert in their Amended Notice of Removal, as they did in their original Notice of Removal,[14] that when the matter was originally removed to

---

[6] R. Doc. 31-1 at pp. 1-2 & 4.
[7] Plaintiffs are no doubt aware of a parallel case pending before this Court, Civ. A. No. 24-348-WBV-EJD, *Associated Terminals, LLC, et al. v. ACBL Transportation Services, LLC, et al.*, which involves the same parties and the same underlying dispute, and in which a disclosure statement filed pursuant to Fed. R. Civ. P. 7.1 shows that Associated Terminals, LLC and Associated Marine Equipment, LLC are citizens of Louisiana for purposes of diversity jurisdiction.  *See*, R. Doc. 17 in Civ. A. No. 24-348.
[8] R. Doc. 30.
[9] R. Doc. 37.
[10] R. Doc. 39.
[11] R. Doc. 39 at ¶¶ 5-6.
[12] *Id.* at ¶ 7.
[13] R. Doc. 31-1 at p. 4 (*citing* R. Docs. 7 & 27).
[14] *See*, R. Doc. 1 at ¶ 3.

this Court on January 17, 2024, Defendants had not been properly served with the state court Petition, and that removal was timely and proper under 28 U.S.C. § 1441(b)(2).[15] Section 1441(b)(2), often called the forum-defendant rule, provides that, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[16] The Fifth Circuit has made clear that, "the forum-defendant rule is a procedural rule and not a jurisdictional one."[17] Further, the term "snap removal" refers to the practice of removing an action to federal court on diversity grounds after a complaint has been filed, but before a forum defendant has been served.[18]

Although not addressed in Plaintiffs' Motion or Reply brief, the Court directs Plaintiffs to a recent decision issued by another Section of this Court, *Cristea v. ArborPro, Inc.*,[19] which was cited in both the original Notice of Removal[20] and the Amended Notice of Removal.[21] Addressing the same arguments put forth by Plaintiffs in this matter, that Court recognized that, while the Fifth Circuit has not addressed the issue of snap removal by a forum defendant, "the Fifth Circuit has cited approvingly to cases from other circuits that expressly endorsed snap removal by

---

[15] R. Doc. 39 at ¶ 3.
[16] 28 U.S.C. § 1441(b)(2).
[17] *Texas Brine Co., LLC v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485-86 (5th Cir. 2020) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-93 (5th Cir. 2009)).
[18] *Texas Brine*, 955 F.3d at 485-86.
[19] *Cristea v. ArborPro, Inc.*, Civ. A. No. 23-2768, 2023 WL 7297982 (E.D. La. Nov. 6, 2023) (Guidry, J.).
[20] R. Doc. 1 at ¶ 3.
[21] R. Doc. 39 at ¶ 3.

forum defendants."[22] That Court, relying upon authority from district courts within this Circuit,[23] further concluded that:

> Reading § 1441(b)(2) to permit snap removal by forum defendants may be "peculiar" in light of the legislative purposes of the removal statute—i.e., to protect foreign defendants from unfair bias resulting from being forced to litigate in the courts of a plaintiff's home state and to prevent plaintiffs from avoiding removal by improperly joining forum-state defendants whom they do not intend to actually serve or pursue. But this is the result demanded by the plain language of § 1441(b)(2), and it is not a "preposterous" result that "no reasonable person could intend." *See Texas Brine,* 955 F.3d at 486. Thus, this result is not absurd.[24]

This Court agrees, and finds that the forum-defendant rule, 28 U.S.C. § 1441(b)(2), does not prohibit snap removal by a forum defendant, such as the Defendants in this case. As such, Plaintiffs' Motion for Reconsideration is denied.

## II. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Reconsideration, filed by plaintiffs, American Commercial Barge Line LLC and ACBL Transportation Services, LLC,[25] is **DENIED.**

New Orleans, Louisiana, May 17, 2024.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[22] *Cristea,* Civ. A. No. 23-2768, 2023 WL 7297982 at *2 (citing *Texas Brine,* 955 F.3d at 486-87).
[23] *Cristea,* Civ. A. No. 23-2768, 2023 WL 7297982 at *3 & 5 (citing *Chastain v. New Orleans Paddlewheels, Inc.*, Civ. A. No. 21-1581, 2021 WL 5578443, at *5 (E.D. La. Nov. 30, 2021) (Vitter, J.) (allowing snap removal by forum defendant); *Baele v. Univ. Healthcare Sys., L.C.*, Civ. A. No. 23-1558, 2023 WL 4882818, at *2 (E.D. La. Aug. 1, 2023) (Papillion, J.) (same); *Miller v. Miller,* Civ. A. No. 22-335, 2022 WL 1397721, at *2-3 (W.D. La. Apr. 11, 2022) (Hornsby, J.J.) (same); *Hvamstad v. National Interstate Ins. Co.*, Civ. A. No. 22-1431, 2022 WL 17086690, at *2-3) (W.D. La. Nov. 3, 2022) (McClusky, M.J.) (same); *Latex Construction Co. v. Nexus Gas Transmission, LLC*, Civ. A. No. 4:20-1788, 2020 WL 3962247 (S.D. Tex. July 13, 2020) (Atlas, J.) (same); *Serafini v. Southwest Airlines Co.*, 485 F. Supp. 3d 697, 699-704 (N.D. Tex. Sept. 8, 2020) (same); *Baker v. Bell Textron, Inc.*, Civ. A. No. 3:20-CV-292-X, 2021 WL 1377372, at *4 (N.D. Tex. Apr. 12, 2021) (Barr, J.) (same); *Mirman Grp, LLC v. Michaels Stores Procurement Co., Inc.*, Civ. A. No. 3:20-CV-1804-D, 2020 WL 5645217 (N.D. Tex. Sept. 22, 2020) (Fitzwater, J.) (same)).
[24] *Cristea,* Civ. A. No. 23-2768, 2023 WL 7297982 at *5.
[25] R. Doc. 31.